Mr. Sam D. Alexander Acting Executive Director Department of Revenue Carlton Building Tallahassee, Florida 32399-0100
Dear Mr. Alexander:
You ask the following questions:
 1. Is the Alachua County Library District a "taxing district" subject to the tax collector's commissions pursuant to s. 192.091(2)(b), F.S.?
 2. If so, does the district constitute a "county taxing authority" within s. 4(a), Ch. 71-446, Laws of Florida, such that no commissions should be collected pursuant to s. 192.091, F.S.?
In sum, I am of the opinion that:
 1. The Alachua County Library District is a "taxing district," within the meaning of s. 192.091(2)(b), F.S.
 2. The district does not constitute a "county taxing authority" within s. 4(a), Ch. 71-446, Laws of Florida.
Question One
Section 192.091(2)(b), F.S., entitles tax collectors of the several counties to receive commissions on all real and tangible personal property taxes and special assessments collected and remitted on behalf of each taxing district and special district. The county tax collector is "the county officer charged with the collection of ad valorem taxes levied by the county, the school board, any special taxing districts within the county, and all municipalities within the county."[1] (e.s.)
The Alachua County Library District (district) was created by special act of the Legislature as "an independent special taxing district . . . for the purpose of providing the only library system services and facilities for all citizens of Alachua County, excluding the school library system. . . ."[2] (e.s.) The governing board of the district is empowered to "[a]nnually levy an ad valorem tax upon taxable real property within the district[3] in the same manner as other county and municipal ad valorem taxes are levied. . . ."[4]
Thus, the Legislature has created a special taxing district, the governing board of which has the authority to levy ad valorem taxes for the purpose of providing library services to Alachua County. In asking whether the district is a "taxing authority" for purposes of s. 192.091, F.S., you note that s. 163.340(2), F.S., excludes library districts from the definition of "taxing authority" in s. 163.340(2), F.S. However, based upon my examination of the language and the legislative history of s.163.340, F.S., it appears that this exclusion is limited to Part III, Ch. 163, F.S.[5]
I am not aware of any statutory provision or judicial determination which would otherwise exclude the library district from being considered a taxing authority. Therefore, I am of the opinion that, notwithstanding 163.340(2), F.S., the Alachua County Library District, created as a special taxing district within the county, is a "taxing district" within the meaning of s.192.091(2)(b), F.S. Thus the tax collector is entitled, pursuant to s. 192.091(2)(b), to receive commissions on all ad valorem taxes collected and remitted on behalf of the district.
Question Two
Section 1, Ch. 71-446, Laws of Florida, provides that the tax collector for Alachua County receive an annual salary, as provided by general law, as his sole compensation. This annual salary is "in lieu of all compensation authorized by any other law relating to this office."[6] Furthermore, s. 4, Ch. 71-446, Laws of Florida, provides that "no fees, commissions or other remuneration for official services shall be received by the Tax Collector from any County taxing authority except as provided in Section 1 of this act."
"County taxing authority" is not defined in Ch. 71-446, Laws of Florida. The special act creating the district, however, expressly provides that it is an "independent special taxing district."[7]
An examination of the powers and duties of the district as set forth in its enabling legislation support such a classification of the district.[8] The governing body of the district is not the governing body of the county, but is composed of various county and municipal officials.[9] Moreover, it is the board of trustees of the district which is responsible for developing and submitting to the governing board of the district for its approval the annual library budget.[10]
Therefore, based upon the above, I am of the opinion that the Alachua County Library District is an independent special taxing district and is not a "county taxing authority" as that term is used in s. 4, Ch. 71-446, Laws of Florida.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 192.001(4), F.S.
[2] Section 2, Ch. 85-376, Laws of Florida.
[3] Id., providing that the district is composed of all areas of Alachua County, Florida.
[4] Section 3, Ch. 85-376, Laws of Florida. See also, s. 11(1), Ch. 85-376, Laws of Florida, prohibiting "the Board of County Commissioners of Alachua County, the Gainesville City Commission, and all other taxing authorities in the Alachua County Library District . . . from levying any tax for library facilities, services, or other library purposes, excluding the library facilities, services, and other library purposes of the school library system." (e.s.)
[5] See, s. 163.340, F.S., providing that "[t]he following terms, wherever used or referred to in this part, have the following meanings: . . . ." See also, House of Representatives Committee on Community Affairs, Staff Analysis and Economic Impact Statement, HB 1218, May 7, 1984, concluding that proposed legislation, HB 1218, amending s. 163.387(2), F.S., exempts library districts from the calculation of the base amount used to determine the tax increment for the community redevelopment trust fund and removes library districts from those districts responsible for contributing to the community redevelopment trust fund.
[6] See, s. 1, Ch. 71-446, Laws of Florida.
[7] Section 2, Ch. 85-376, Laws of Florida.
[8] "Dependent special district" is defined in s. 200.001(8)(d), F.S., as a special district the governing head of which is the governing body of the county or a municipality, ex officio or otherwise, or the budget of which is established by such local government authority. "Independent special district" is defined in s. 200.001(8)(e), F.S., as a special district the governing head of which is an independent body, either appointed or elected, and the budget which is established independently of local governing authority.
 The definitions contained in these statutes are incorporated into s. 165.031(5), F.S., which defines "special district" for purposes of Ch. 165, F.S., the Formation of Local Governments Act. Cf., State v. St. Lucie Inlet District and Port Authority, 176 So. 59, 62 (Fla. 1937) (character and status of a taxing district is not necessarily determined by reference to the name, but may be determined by reference to the legislatively declared purposes for which it is created).
[9] See, s. 2(3), Ch. 85-376, Laws of Florida, which provides that the governing board shall be composed of three members of the Alachua County Board of County Commissioners and two members of the Gainesville City Commission.
[10] Section 6(2), Ch. 85-376, Laws of Florida. And see, s. 5(2) of the special act which provides that the board of trustees shall be appointed by the governing board of the district from persons nominated by the board of county commissioners and by the city commission.